without expressing any opinion upon the other points made in the cause, they directed the inquisition to be set aside upon the ground of the judgments produced and acted upon greatly exceeding the true amount of what now appeared to be actually due. The Court, however, considered that Jones was not entitled to ask a postponement at the meeting of the inquisitors, having received before such sufficient notice of the time of meeting.

### STATE v. SOLOMON EVANS.

Court of Quarter Sessions.  November, 1808.

*Wells' Notebook, 373.*

*Wells* for defendant.

The nuisance [was] committed by the person of whom Evans purchased the farm; to wit, in running the fence across the road —and continued by Evans—but no proof of notice to him to remove it.  The case was not argued, but the CHIEF JUSTICE BOOTH observed to me out of court that the intimation given in the case of the *State v. Painter,* respecting the necessity of notice to make a purchaser answerable for a nuisance, was the result of mature reflection.

### STATE v. JOHN NEILLE et al.

Orphans' Court.  Summer, 1808.

*Wells' Notebook, 373.*

*Robinson, Vandyke* and *Wells* for defendants. For defendants were cited: 1 Bl.Comm. 490, 492; 2 Bl.Comm. 72; Christian's Notes to 2 Bl.Comm. 534; 2 Del.Laws 974, 976; 1 Bl.Comm. 464; 2 Fon.Eq. 229; Statute 4 & 5 Ph. & Mary; 1 Bl.Comm. 463; 26 Geo. II, c. 33; 1 Bl.Comm. 464; powers of Orphans' Court, 1 Del. Laws 88; 3 Bl.Comm. 436; 2 Atk. 158; Talb. 59, 60; Amb. 301. There must be a suit depending, 14 Vin.Abr. 205 in note; and the marriage being by contrivance of the mother pending a suit in Chancery [was] a contempt. It seems that this was a ward under the care of court. 2 P.Wms. 117, the court not bound *ex officio* to punish for ravishment of ward where there was no complaint. The court has the care but not the guardianship of infants, *ibid. Herbet's Case,* 3 P.Wms. 116. Here the infant was a ward of the court having a guardian—actual notice of an infant being the ward of the court is not required, but constructive notice is necessary. See the note in Co.Litt. 886, note 11, 12, 13, 14, 15, 16 as to the several kinds of guardianships and the origin and extent of the jurisdiction of the Court of Chancery. This proceeding is before the Orphans' Court and not in the Court of Chancery. The former is a special tribunal and [has] no power but that expressly delegated. If the Chancellor has the power in these cases, the Judge of the Orphans' Court has not.

The Court discharged some of the defendants but made the attachment absolute against the father of the husband, and he purged himself of the contempt.

## STATE v. TYRE.

Court of Quarter Sessions. November, 1808.

*Wells' Notebook, 375.*